UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TERENCE N. GLENN, Plaintiff, | ) | |
| v. | ) | Civil No. 26-cv-11802-ADB |
| UBER TECHNOLOGIES, INC., et al., | ) | |
| Defendants. | ) | |

# ORDER

BURROUGHS, D.J.

Plaintiff Terence N. Glenn ("Glenn"), a resident of Revere, Massachusetts, who is proceeding *pro se*, has filed a complaint against two ride share companies [Uber Technologies, Inc. and Lyft, Inc.], a consumer reporting agency [Checkr, Inc.], and Uber's in-house counsel (Morgan T. Jackson]. [Dkt. No. 1]. As best can be gleaned from the complaint, Glenn, a former driver for Uber and Lyft, alleges that he was locked out of the driver platforms based on incorrect reports from Checkr, Inc. Glenn further alleges that Uber's counsel "willfully authorized and applied a fraudulent 'safety and compliance' flag to the Plaintiff's digital profile." [Id. at 3]. Plaintiff asserts a federal claim under the Sherman Antitrust Act, 15 U.S.C. § 1, and state law claims of unfair and deceptive trade practices and tortious interference with advantageous business relations. [Id. at 4-5]. For relief, Glenn seeks monetary damages, removal of the false reports, and to have this Court enjoin the defendants from compelling arbitration of plaintiff's claims. [Id. at 5].

Glenn filed a motion for leave to proceed *in forma pauperis*, [Dkt. No. 2], and a notice of supplemental facts and administrative escalation. [Dkt. No. 6].

On September 14, 2026, Glenn filed an emergency motion for preliminary injunction. [Dkt. No. 7]. In his emergency motion, Glenn seeks to be reactivated to the defendants' driving platforms and also requests an immediate pre-judgment monetary award based on his current financial hardship. [Id. at 1-2]. Plaintiff states that he is scheduled for surgery on September 15, 2026, and will require funds to help him secure housing stability for his medical recovery. [Id. at 3-4]. Glenn certifies that a copy of the emergency motion for preliminary injunction was served by email on counsel of record. [Id. at 5].

A request for preliminary injunctive relief "is a request for extraordinary relief." Cushing v. Packard, 30 F.4th 27, 35 (1st Cir. 2022). In adjudicating the motion, the Court must consider "(1) the movant's likelihood of success on the merits; (2) the likelihood of the movant suffering irreparable harm; (3) the balance of equities; and (4) whether granting the injunction is in the public interest." Id. (citation omitted). "The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." Id. at 36 (quoting New Comm Wireless Services, Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002)).

Here, Plaintiff has not demonstrated that he is likely to succeed in the lawsuit. In addition, plaintiff has not filed a memorandum in support of his motion as required by this Court's Local Rule 7.1(b)(1) ("A party filing a motion shall at the same time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted.").

Upon review the Court Orders:

1. The motion for leave to proceed *in forma pauperis*, [Dkt. No. 2], is ALLOWED.

2. The emergency motion for preliminary injunction, [Dkt. No. 7] is DENIED WITHOUT PREJUDICE.

3. The Clerk shall issue summonses for service of the complaint and send the summonses, a copy of the complaint [Dkt. No. 1], and this Order to the plaintiff, who must serve the defendants with these documents in accordance with Rule 4 of the Federal Rules of Civil Procedure.

4. The plaintiff may elect to have service made by the United States Marshals Service ("USMS"). If plaintiff chooses to have service completed by the USMS, he shall provide the agency with a copy of this order, all papers for service, and a completed USM-285 form for each party to be served. The USMS shall complete service as directed by plaintiff with all costs of service to be advanced by the United States.

5. Plaintiff shall have 90 days from the date of this Order to complete service. Failure to complete service in a timely fashion may result in dismissal of this action without prior notice to plaintiff. See Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass).

**SO ORDERED.**

September 16, 2026

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE